IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:06CR33-01
                                                     (STAMP)
JAI E. PRUITT,

    Defendant.

**ORDER DENYING DEFENDANT'S PETITION FOR AN ORDER
SETTING ASIDE THE MAGISTRATE JUDGE'S DETENTION ORDER**

Defendant, Jai E. Pruitt, is currently charged with one count of conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, two counts of aiding and abetting the distribution of cocaine base within 1000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), § 860 and 18 U.S.C. § 2 and two counts of aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

On June 21, 2006, the United States filed a motion for a detention hearing. A pretrial detention hearing was held on July 7, 2006 before the Honorable James E. Seibert, United States Magistrate Judge for the Northern District of West Virginia at the Wheeling point of holding court. The magistrate judge entered an order granting the United States' motion to detain on July 11, 2006, holding that a rebuttable presumption arises that there is no combination of conditions by which the defendant will abide because

the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more. The defendant did not rebut the presumption. The magistrate judge also found that the defendant's criminal history indicates that he has failed to appear on four separate occasions and has had two separate probation violations. Finally, the magistrate judge found that the defendant was on probation, parole or some other form of release at the time of the alleged offenses in this criminal action. Accordingly, the magistrate judge could not find a combination of conditions that would eliminate the danger to the community if the defendant were released.

On July 21, 2006, the defendant filed a petition for review of the magistrate judge's order granting the United States' motion to detain the defendant pending trial. The United States has not filed a response. After careful review of the pleadings and the evidence developed at the magistrate judge's detention hearing, this Court finds that the defendant's petition for review of the magistrate judge's detention order should be denied and the magistrate judge's order granting the United States' motion to detain should be affirmed.

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In construing that statute, the Fourth Circuit Court of Appeals noted in United State v. Clark,

865 F.2d 1433 (4th Cir. 1989), that "[a] defendant ordered detained by a magistrate may seek <u>de novo</u> review in the district court." <u>Id.</u> at 1436 (quoting <u>United States v. Williams</u>, 453 F.2d 329, 333 (4th Cir. 1985)).

Pursuant to 18 U.S.C. § 3142(e), detention of a defendant is appropriate if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." After consideration of the factors set forth in 18 U.S.C. § 3142(g), it is clear to this Court that there are no conditions or combination of conditions that this Court could establish that would reasonably assure the safety of other persons and the community.

Subsection (g) of 18 U.S.C. § 3142 provides four factors to be taken into account "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. <u>See</u> 18 U.S.C. § 3142(g).

In addition to a consideration of the nature and circumstances of the offense charged, the consideration of this factor also

includes the determination of whether or not the offense is a crime of violence or involves a narcotic drug.  See 18 U.S.C. § 3142(g)(1).  The defendant does not dispute the offense charged is a crime involving narcotic drugs, pursuant to 21 U.S.C. § 841. Thus, the nature and circumstances of the offense charged weigh against the defendant's pretrial release.

This Court also finds that the weight of evidence in this case is substantial.  This Court does recognize that at least one Court of Appeals has noted that the weight of evidence against the person is the least important of the four factors to be considered in the determination of whether a defendant may be released pending trial. See United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985). Nevertheless, the weight of the evidence against the defendant Pruitt has been considered to a certain extent in this Court's determination of his release status.

This Court agrees with the magistrate judge that the history and characteristics of the defendant appear to weigh in favor of a pretrial detention.  Specifically, the defendant has a history of controlled substance abuse problems and has convictions for attempted receiving of stolen property, carrying a concealed weapon, controlled substance abuse, attempted carrying of a concealed weapon, trafficking in controlled substances, possession of controlled substances, attempted possession of controlled substances and domestic violence.  Thus, consideration of the third

4

factor weighs in favor of denying the defendant's pretrial conference.

Finally, this Court is concerned about the fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  This Court has reviewed the transcript of the detention hearing held on July 7, 2006 and the testimony elicited at the detention hearing shows that the defendant has had incidents of failure to appear on four separate occasions in 1993, 1994, 2002 and 2003.  Accordingly, this Court finds that there is no combination of conditions that it could impose that would guarantee that the defendant will appear at the scheduled hearings and that he will not continue to commit crimes.  Thus, after consideration of all four factors of § 3142, this Court finds that the defendant was unable to overcome the rebuttable presumption under subsection (g).

After weighing all of the evidence presented in this matter, this Court finds that the defendant's petition for review of the detention order should be DENIED and that the magistrate judge's order granting the United States' motion to detain should be AFFIRMED.  The defendant shall remain detained pending trial.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office and the United States Marshals Service.

DATED:     August 11, 2006

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE